**CASE NO. 25-12150**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**FREDERICK SAUNDERS,**

**Plaintiff–Appellant,**

**v.**

**SIGNATURE FLIGHT SUPPORT LLC,**

**Defendant–Appellee,**

APPEAL FROM ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
District Court Case No. 6:23-cv-230-RBD-LHP

# APPELLANT'S RECONSIDERATION BRIEF

FREDERICK SAUNDERS, Pro Se
Email: fsankh@yahoo.com
6440 South Goldenrod Road, Unit B
Orlando, Florida 32822
Telephone: (813) 546-5300

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant submits the following complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this Appeal:

1. AXIS Insurance Company

   Appellee's Insurer

2. Citro, Vincent A.

   Counsel for Michael G. Mann

3. Dalton, Roy B.

   U.S. District Judge

4. Hoffman Price, Leslie

   U.S. Magistrate Judge

5. Jackson Lewis P.C.

   Law Firm for Appellee

6. Losey PLLC

   Law Firm for Mann's representation

7. Mann, Michael G.

   Former Counsel for Appellant

8. Saunders, Frederick

   Appellant, Pro Se

9. Signature Flight Support LLC

   Appellee

10. Simpson, Amanda A.

    Counsel for Appellee

11. The Cochran Firm

    Previous Law Firm of Michael Mann

12. The Mann Firm, LLC

    Former Attorneys for Appellant

13. Wagner, Lin Jai

    Counsel for Appellee

Appellant certifies that he is not aware of any additional persons or entities with a financial or other interest in the outcome of this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 34 of the Federal Rules of Appellate Procedure and 11th Cir. R. 28-1©, Appellant respectfully states oral argument is not necessary. Appellant believes the facts and legal issues are adequately presented in the written briefs and the record, and the oral argument of the Appellee and Appellant (who is pro se in this appeal) would not significantly aid the decisional process. This case turns on settled standards; the record and briefs suffice.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................ ii

STATEMENT REGARDING ORAL ARGUMENT............................................iv

TABLE OF CONTENTS .....................................................................................v

TABLE OF CITATIONS ................................................................................ vii

I. INTRODUCTION………………………………………………………… 1

II. CRITICAL FACTS WARRANTING RECONSIDERATION……...…………2

A. Appellant's Former Attorney Provided a False Appeal Deadline……..……… 2

B. Counsel Withdrew in November 2024; Appellant Proceeded Pro Se Without Knowing the Deadline……………………………………………………. 2

C. Appellant Filed a Rule 4(a)(5) Motion in November 2024 But Did Not Know He Had to Re-File…………………………………………………………… 2

D. On May 25, 2025, New Evidence Was Produced: A Written Admission of Gross Negligence…………………………………………………………….. 2

E. Appellant Filed His Notice of Appeal Within 30 Days of Learning the Truth...3

F. The District Court Has Jurisdiction to Reopen the Appeal Period…………… 3

III. LEGAL BASIS FOR RECONSIDERATION .......................................... 4

A. Attorney Misconduct and Abandonment Prevent Dismissal…………………. 4

B. Appellant Lacked Actual Notice Until May 25, 2025……………..………. 4

C. Dismissal Conflicts with the Record and the District Court's Findings....…… 5

D. Appellant Acted with Maximal Diligence…………..……………………. 5

IV. REQUEST FOR RELIEF……………………………..……...……………..…. 5

V. CONCLUSION……………………………..……………………………7

CERTIFICATE OF COMPLIANCE…...…………….…...………………………… 8

CERTIFICATE OF SERVICE………..………….…..…...……………………… 9

# TABLE OF CITATIONS

**Cases:**

- Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993)
- Maples v. Thomas, 565 U.S. 266 (2012)
- United States v. Diaz, 190 F.3d 1247 (11th Cir. 1999)
- Advanced Estimating Sys., 77 F.3d 1322 (11th Cir. 1996)

**Statutes & Rules:**

- Fed. R. App. P. 27
- Fed. R. App. P. 40
- Fed. R. Civ. P. 4(a)(5)(6)
- Fed. R. Civ. P. 60(b)(1)(6)
- Eleventh Circuit Rule 27-2
- Eleventh Circuit Rule 40-3

# APPELLANT'S MOTION FOR RECONSIDERATION AND TO REINSTATE APPEAL

COMES NOW Appellant, Frederick Saunders, pro se, pursuant to Fed. R. App. P. 27, Fed. R. App. P. 40, and Eleventh Circuit Rules 27-2 and 40-3, and respectfully moves this Court to reconsider its dismissal of the appeal for untimeliness and to reinstate the appeal. In support, Appellant states:

## I. INTRODUCTION

This Court dismissed the appeal as untimely based on the Notice of Appeal being filed on June 23, 2025. However, critical facts and evidence—including a written admission of gross negligence by former counsel—demonstrate that Appellant's late filing resulted solely from attorney misinformation, abandonment, and newly discovered evidence, not from any lack of diligence by Appellant.

On or about November 20, 2025, Appellant filed in the district court a Motion for Relief from Judgment and to Reopen or Extend the Time to Appeal, supported by detailed factual findings, exhibits, and controlling case law.

**See Motion for Relief, filed Nov. 20, 2025, 19 pages (Doc. 129).

That motion demonstrates that Appellant was misled by counsel, lacked actual notice of the correct appellate deadline until May 25, 2025, and then filed the Notice of Appeal within 30 days of receiving the truth.

Under these circumstances—and consistent with Supreme Court and Eleventh Circuit precedent—dismissal is improper, and reinstatement is required.

## II. CRITICAL FACTS WARRANTING RECONSIDERATION

### A. Appellant's Former Attorney Provided a False Appeal Deadline

Former counsel, Attorney Michael Mann, sent Appellant a written communication—attached as Exhibit A to the Motion for Relief—incorrectly stating that the appeal deadline was October 15, 2024, and falsely asserting, "today is the last day to file your notice of appeal."

**See Ex. A, Motion for Relief, p. 17–19.

This misinformation was never corrected.

### B. Counsel Withdrew in November 2024; Appellant Proceeded Pro Se Without Knowing the Deadline

After withdrawal, Appellant—without legal training—believed the appellate deadline given to him by his former attorney.

### C. Appellant Filed a Rule 4(a)(5) Motion in November 2024 But Did Not Know He Had to Re-File

The district court denied Appellant's extension request without prejudice, and Appellant did not understand that he needed to refile.

### D. On May 25, 2025, New Evidence Was Produced: A Written Admission of Gross Negligence

On May 25, 2025, after a court-ordered production, Appellant received written documentation showing:

- Former counsel admitted gross negligence,
- Confirmed he provided Appellant an incorrect appellate deadline,
- Admitted systemic failures and mishandling of multiple tasks, and
- Acknowledged responsibility for the consequences.

**See Motion for Relief, ¶8; Ex. A.

This was the first moment Appellant learned that his former attorney's instructions were incorrect.

**E. Appellant Filed His Notice of Appeal Within 30 Days of Learning the Truth**

Appellant filed the Notice of Appeal on June 23, 2025, less than 30 days after discovering counsel's misrepresentation and written admission of negligence.

**F. The District Court Has Jurisdiction to Reopen the Appeal Period**

Appellant's Motion for Relief (pending below) properly requests relief under:

- Fed. R. App. P. 4(a)(5) (excusable neglect)
- Fed. R. App. P. 4(a)(6) (lack of actual notice)
- Fed. R. Civ. P. 60(b)(1)/(6) (attorney abandonment and extraordinary circumstances)

## III. LEGAL BASIS FOR RECONSIDERATION

### A. Attorney Misconduct and Abandonment Prevent Dismissal

Under controlling precedent:

- Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993)
- Maples v. Thomas, 565 U.S. 266 (2012)
- United States v. Diaz, 190 F.3d 1247 (11th Cir. 1999)
- Advanced Estimating Sys., 77 F.3d 1322 (11th Cir. 1996)

clients are not bound by:

- attorney abandonment
- attorney misinformation
- attorney miscalculation
- attorney gross negligence

This Court has long held that dismissal is inappropriate where the litigant was not at fault.

### B. Appellant Lacked Actual Notice Until May 25, 2025

Rule 4(a)(6) allows reopening when a party does not receive proper notice. Notice is inadequate when:

1. A party is misled by counsel
2. Counsel provides the wrong deadline
3. The true deadline becomes known only through later evidence

Appellant satisfies each of these.

### C. Dismissal Conflicts with the Record and the District Court's Findings

The district court has already found:

- Former counsel's representations were inaccurate
- Counsel engaged in a pattern of delay
- Counsel made untruthful statements
- Counsel failed to comply with court orders

**See R. Doc. 95 at 47–48 (cited in Motion for Relief).

The appeal deadline error is part of this same continuum of misconduct.

### D. Appellant Acted with Maximal Diligence

Once Appellant learned—on May 25, 2025—that the deadline was earlier than he had been told, he filed:

- a Notice of Appeal within 30 days
- a Motion for Relief in the district court
- this timely Motion for Reconsideration

## IV. REQUEST FOR RELIEF

Based on the foregoing, Appellant respectfully requests that this Court:

1. Grant reconsideration of its dismissal order;
2. Reinstate the appeal;
3. Hold the appeal in abeyance pending the district court's ruling on Appellant's Motion for Relief (filed on or about Nov. 20, 2025);

4. Alternatively, remand to the district court with instructions to determine whether reopening or extension under Rule 4(a)(5), Rule 4(a)(6), or Rule 60(b) is warranted; and
5. Grant any further relief deemed just.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

Appellant lost his appellate rights solely because he relied on false, negligent, and misleading deadline information provided by a former attorney whose misconduct the district court has already documented. The Eleventh Circuit does not penalize litigants for attorney abandonment, and the Supreme Court forbids such outcomes.

Reinstatement of the appeal is required to prevent a manifest injustice.

Respectfully submitted,

/s/ Frederick Saunders

Appellant, Pro Se
6440 South Goldenrod Road, Unit B
Orlando, FL 32822
(813) 546-5300
fsankh@yahoo.com

Dated: November 24, 2025

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations provided in Fed. R. App. P. 32 (a)(7)(B) because this brief contains 1,701 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Response has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman font.

By: */s/ Frederick Saunders*

Frederick Saunders

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically filed the foregoing Reply Brief with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. I further that a true and correct copy of the foregoing has been furnished by email (or regular mail to Amanda Simpson and Lin Wagner, Defendant – Appellee, at Jackson Lewis, P.C. 390 North Orange Avenue, Orlando, FL 32801) at amanda.simpson@jacksonlewis.com and lin.wagner@jacksonlewis.com.

*Respectfully submitted,*

By: *<u>/s/ Frederick Saunders</u>*
Frederick Saunders
Appellant, Pro Se
**Date:** November 24, 2025